IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| PIERRO LEROI JACKSON | § |
| --- | --- |
| Petitioner, | § |
| VS. | § |
| | § NO. 3-06-CV-0494-G |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § |
| Respondent. | § |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Pierro Leroi Jackson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of possession of more than four grams but less than 200 grams of cocaine. Punishment, enhanced by two prior felony drug convictions, was assessed by the trial court at 25 years confinement. His conviction and sentence were affirmed on direct appeal. *Jackson v. State*, No. 11-03-00104-CR, 2004 WL 1572698 (Tex. App.--Eastland, Jul. 15, 2004, pet. ref'd.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Jackson*, No. 59,990-02 (Tex. Crim. App. Dec. 14, 2005). Petitioner then filed this action in federal district court.

II.

Petitioner challenges virtually every aspect of his criminal trial and resulting conviction in a form habeas petition, a 30-page memorandum brief, and a 33-page "letter" attachment. Although

his claims are poorly drafted and his arguments are difficult to understand, petitioner appears to allege that: (1) the evidence was legally and factually insufficient to support his conviction; (2) he was not given *Miranda* warnings at the time of his arrest; (3) his conviction was obtained by the use of evidence seized during an illegal search and an unlawful arrest; (4) the state failed to disclose evidence favorable to the defense; (5) a prosecution witness testified falsely at trial; (6) he was denied the right to compulsory process; (7) the jury charge was defective; and (8) he received ineffective assistance of counsel at trial and on appeal.[1]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] To the extent petitioner intends to present claims that are not addressed herein, it is because the court is unable to decipher his pleadings. As one district court recently observed:

> Principles requiring generous construction of *pro se* pleadings are not without limits. District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would "require . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."

*Mitchell v. Turner*, No. 1-07-CV-2097, 2007 WL 3216969 at *1 (N.D. Ohio Oct. 31, 2007), *quoting Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985), *cert. denied*, 106 S.Ct. 1475 (1986). *See also Smith v. Jackson*, No. 04-CV-40256-FL, 2006 WL 950269 at *2 (E.D. Mich. Apr. 12, 2006) (noting that a district court is not required "to divine" the issues that a prisoner is attempting to raise in his habeas petition).

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). Federal habeas courts review questions of law and mixed questions of law and fact under section 2254(d)(1). Pure questions of fact are reviewed under section 2254(d)(2). *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 122 S.Ct. 194 (2001).

A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1523. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523. To be unreasonable, the application of clearly established federal law must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). The standard is one of "objective reasonableness." *Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2220 (2001), *quoting Williams*, 120 S.Ct. at 1521-22 (O'Connor, J., concurring). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

In multiple grounds for relief, petitioner contends that the evidence was legally and factually insufficient to prove beyond a reasonable doubt that he knowingly possessed cocaine in an amount of four grams or more but less than 200 grams.[2]

---

[2] Respondent argues that petitioner's sufficiency of the evidence claim is procedurally barred from federal habeas review because it was presented to the Texas Court of Criminal Appeals for the first time in an application for state post-conviction relief. (*See* Resp. Ans. at 6-8). Although a federal court may not consider the merits of a habeas

1.

The court initially observes that a claim based on factually insufficient evidence is not cognizable under 28 U.S.C. § 2254. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Id.* Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14 (citing cases). There is no corresponding right of review under the United States Constitution. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (citing cases).

2.

Federal habeas review of a legal sufficiency claim is extremely limited. A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements

---

claim if a state court has denied relief due to a procedural default, the state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). Here, the state habeas court denied relief with respect to petitioner's sufficiency of the evidence claim because the same claim was considered and rejected on direct appeal. *Ex parte Jackson*, No. 59,990-02 at 111, ¶ 1. While it is true that "sufficiency of the evidence" is not properly raised in a habeas corpus application, *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994), it is not clear that the state court denied post-conviction relief for that reason.

of the offense beyond a reasonable doubt. *Jackson*, 99 S.Ct. at 2789; *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 102 (1992). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 99 S.Ct. at 2789; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir.), *cert. denied*, 111 S.Ct. 265 (1990).

Under Texas law, a person commits the offense of unlawful possession of a controlled substance if he knowingly or intentionally possesses a substance listed in Penalty Group 1 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2000). Cocaine is a substance listed in Penalty Group 1. *Id.* § 481.102(3)(D). Possession means "actual care, custody, control, or management." *Id.* § 481.002(38); *see also Martin v. State*, 753 S.W.2d 384, 386 (Tex. Crim. App. 1988). Unlawful possession of cocaine is a second-degree felony if the amount of cocaine possessed is, by aggregate weight, four grams or more but less than 200 grams, including adulterants or dilutants. *Id.* § 481.115(d).

The gravamen of petitioner's legal sufficiency claim is that there was no evidence to show that: (1) the substance seized from his vehicle contained more than four grams of cocaine, including adulterants or dilutants; and (2) that he knew the substance was contraband. At trial, Chris Eadler, a Waxahachie police officer assigned to the Southeast Metroplex Narcotics Task Force, testified that he stopped petitioner after he failed to signal before making a right-hand turn from the I-20 off-ramp onto Houston School Road in Dallas County, Texas. (SF-III at 19, 21-22). While peering through the back window of petitioner's car, Eadler observed a small baggie in plain view on the rear floorboard. (*Id.* at 23). Suspecting that the baggie contained crack cocaine, Eadler called for back-up. (*Id.* at 23-24). Two Lancaster police units responded to call. (*Id.* at 24). Once the other police officers arrived at the scene, Eadler instructed petitioner to exit his vehicle and asked who owned

the car. (*Id.*). Petitioner complied with the order and said that he and his wife owned the vehicle. (*Id.*). Eadler then asked for permission to search the car. (*Id.*). After obtaining consent from petitioner, Eadler opened the car trunk and discovered a Desenex can with a false bottom containing 18 baggies of what he believed to be crack cocaine. (*Id.* at 26-27). The substance tested positive for cocaine and petitioner was placed under arrest. (*Id.* at 29). Andrew Macey, a chemist with the Texas Department of Public Safety, testified that he performed more extensive laboratory tests on the substance recovered from petitioner's vehicle and confirmed that the substance was cocaine. (*Id.* at 59-60). The aggregate weight of the substance was 4.93 grams. (*Id.* at 61). Macey said that no adulterants or dilutants showed up on an instrumental analysis of the substance, suggesting that the sample was "fairly pure." (*Id.* at 67). Because Macey did not perform further testing to quantify the exact amount of cocaine in each baggie, he acknowledged that it was possible there could have been other substances that were neither adulterants or dilutants that he could not detect. (*Id.* at 68).

The state appeals court determined that this evidence was sufficient to support petitioner's conviction for possession of a controlled substance. *Jackson*, 2004 WL 1572698 at *3-4. This court must defer to that decision unless petitioner demonstrates it "was based on an unreasonable determination of the facts in light of the evidence presented." *Denbow v. Johnson*, No. 3-01-CV-0148-X, 2001 WL 896929 at *2 (N.D. Tex. Aug. 2, 2001), *quoting Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2001 (2001). Petitioner has failed to meet this heavy burden. The record shows that more than four grams of a substance resembling crack cocaine was recovered from the trunk of a car owned and operated by petitioner. Lab tests confirmed the presence of cocaine, which appeared to be a "fairly pure" sample, and the absence of any adulterants or dilutants. Viewed in the light most favorable to the verdict, a rational jury could easily conclude that petitioner exercised care, control, or management over more than four grams of cocaine and that

he knew the substance was contraband. Although it was possible that the cocaine tested by the police lab contained other substances that were neither adulterants or dilutants, that theoretical possibility is not enough to undermine the jury's verdict.

C.

Many of the claims asserted by petitioner challenge the validity of his arrest and the search of his vehicle. As best the court can decipher, these claims are: (1) he was not given *Miranda* warnings at the time of his arrest; (2) Officer Eadler, a Waxahachie police officer, lacked authority to arrest him in Dallas County; (3) his consent to search was uninformed and involuntary; (4) he was subjected to an unreasonable search and seizure; and (5) the state court failed to properly consider these claims.

1.

Petitioner contends that his arrest was illegal because he was not given the warnings required under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Supreme Court has held that the mere failure to give *Miranda* warnings is not, in itself, a constitutional violation. *See United States v. Patane*, 542 U.S. 630, 641, 124 S.Ct. 2620, 2628, 159 L.Ed.2d 667 (2004) (citing cases). Instead, *Miranda* protects against the use of compelled statements made by a defendant while in police custody. *See Oregon v. Elstad*, 470 U.S. 298, 307, 105 S.Ct. 1285, 1292, 84 L.Ed.2d 222 (1985); *United States v. Harrell*, 894 F.2d 120, 125 (5th Cir.), *cert. denied*, 111 S.Ct. 101 (1990). Here, petitioner does not point to any compelled statement that was used against him at trial. Without such evidence, the failure to give *Miranda* warnings was not constitutional error. *See Griffin v. Director, TDCJ-CID*, No. 6-06-CV-256, 2007 WL 1655330 at *15 (E.D. Tex. Jun. 7, 2007) (denying habeas relief on similar claim).

Nor is petitioner entitled to federal habeas review of his illegal search and seizure and unlawful arrest claims. A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). This rule applies to both unlawful arrest claims and illegal search and seizure claims. *See Hughes v. Dretke*, 412 F.3d 582, 595 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1347 (2006) (citing cases). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that-- an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1264 (2003). A habeas petitioner must plead and prove that the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *See Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

Prior to trial, defense counsel filed an omnibus motion seeking, *inter alia*, a hearing outside the presence of the jury to determine the admissibility of any physical evidence recovered during the investigation of this case. (St. App. Tr. at 33, ¶ XII). Petitioner also filed his own motion challenging the validity of the traffic stop, his consent to search, and the seizure of drugs from his car. (*Id.* at 28). The state court declined to hold a pretrial suppression hearing, but gave defense counsel an opportunity to request a hearing outside the presence of the jury if the state attempted to introduce any inadmissible evidence. (SF-III at 6-7). At trial, Officer Eadler testified without

objection that he stopped petitioner for failing to use his turn signal, observed a baggie in plain view on the rear floorboard of the car, obtained petitioner's consent to search the vehicle, and found a Desenex can with a false bottom containing 18 baggies of what he believed to be crack cocaine. (*See id.* at 21-27). When the prosecutor attempted to introduce the Desenex can into evidence, defense counsel renewed his earlier objection. (*Id.* at 28). The objection was overruled. (*Id.*). Counsel did not further object to the validity of petitioner's arrest, the search of his car, or the seizure of drugs.

It is clear that petitioner was afforded a full and fair opportunity to litigate his unlawful arrest and illegal search and seizure claims. Although the trial court did not rule on petitioner's motion to suppress before trial, it was not required to do so. Instead, the court allowed defense counsel to object to the introduction of any inadmissible evidence and request a hearing outside the presence of the jury during the course of the trial. That counsel decided to object only to the introduction of the Desenex can does not mean that the state court proceeding was inadequate. Absent new evidence that was not available at the time of trial, petitioner is barred from litigating his Fourth Amendment claims in federal court. *See Andrews v. Collins,* 21 F.3d 612, 631 (5th Cir. 1994), *cert. denied,* 115 S.Ct. 908 (1995) (applying *Stone* bar in absence of new facts that were not developed at trial); *Williams,* 16 F.3d at 637.

D.

Petitioner also accuses the prosecutor of failing to disclose exculpatory evidence and knowingly presenting false testimony at trial.

1.

The prosecution has a duty to disclose all evidence favorable to the defendant in a criminal case. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). In order to establish a *Brady* violation, a habeas petitioner must prove that the evidence suppressed by

the prosecutor was favorable to him and material to either guilt or punishment. *See Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993); *United States v. Jackson*, 978 F.2d 903, 912 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2429 (1993). Evidence is "material" only if there is a reasonable probability that the outcome of the trial would have been different had the exculpatory material been disclosed. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985); *Andrews v. Collins*, 21 F.3d 612, 626 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995).

Petitioner alleges that the prosecutor failed to disclose the contents of the Southeast Metroplex Narcotics Task Force Agreement, audio and video recordings of the traffic stop, and the names of any informants. Had these materials been produced, petitioner believes that he could have impeached Officer Eadler and shown that his arrest and the search of his vehicle were illegal. However, other than his speculative assertions, petitioner offers no proof that a task force agreement, audio and video recordings, or an informant even exist, much less were "material" to the outcome of his trial. *See United States v. Agurs*, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976) ("The mere possibility that an item of undisclosed information might have aided the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."). Without such evidence, petitioner cannot establish a *Brady* violation. *See Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 990 (1993) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient).

2.

Petitioner further contends that Officer Eadler testified falsely at trial. The due process clause prohibits the use of perjured testimony to obtain a conviction. *Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Black v. Collins*, 962 F.2d 394, 407 (5th Cir.), *cert. denied*, 112 S.Ct. 2983 (1992). In order to establish a due process violation based on the use of

perjured testimony, a habeas petitioner must prove that: (1) the testimony was false; (2) the prosecutor knew it was false; and (3) the evidence was material. *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir.), *cert. denied*, 115 S.Ct. 671 (1994). Here, there is absolutely no evidence that Eadler lied at trial, much less that the prosecutor knew his testimony was false. Instead, petitioner makes an unsubstantiated claim that "the officer's testimony has been fabricated." (*See* Pet. Mem. Br. at 20). Such a conclusory assertion does not come close to proving that Eadler committed perjury. *See United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989); *King v. Dretke*, No. 3-05-CV-0995-B, 2005 WL 2316433 at *3 (N.D. Tex. Sept. 20, 2005), *rec. adopted*, 2005 WL 2547060 (N.D. Tex. Oct. 11, 2005).

E.

Next, petitioner alleges that he was denied the right to compulsory process because the trial court did not issue subpoenas for two witnesses: (1) Stoney Logan, a police officer; and (2) Sherrie Boone, a police dispatcher. Although petitioner contends that these witnesses would have helped him prove that the drugs were planted by Officer Eadler, he does not proffer the substance of their missing testimony. As a result, petitioner cannot establish a constitutional violation. *See Diez v. Director, TDCJ-CID*, No. 6-05-CV-116, 2005 WL 2736444 at *4 (E.D. Tex. Oct. 24, 2005), *citing Lockhart v. McCotter*, 782 F.2d 1275, 1285 (5th Cir. 1986), *cert. denied*, 107 S.Ct. 1360 (1987) (complaints of uncalled witnesses are not favored in federal habeas proceedings "because allegations of what a witness would have testified to are largely speculative").

F.

Petitioner complains that the trial court failed to instruct the jury: (1) to disregard any evidence obtained in violation of federal or Texas law; and (2) on the lesser-included offense of possession of more than one gram but less than four grams of cocaine.

1.

An improper jury instruction rarely justifies federal habeas relief. *Mayabb v. Johnson*, 168 F.3d 863, 867 (5th Cir.), *cert. denied*, 120 S.Ct. 409 (1999), *citing Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). A petitioner must show that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process. *Id.* Even if a jury charge is constitutionally defective, a federal habeas court may not grant relief unless the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 868, *quoting Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993); *see also Woods v. Johnson*, 75 F.3d 1017, 1026-27 (5th Cir.), *cert. denied*, 117 S.Ct. 150 (1996).

2.

Petitioner has failed to demonstrate that the jury charge was constitutionally defective. With respect to the omitted instruction on illegally obtained evidence, the only authority cited by petitioner in support of such an instruction is a Texas statute, which provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). There is no federal constitutional right to this kind of jury instruction. *See Dominguez v. Dretke*, No. 2-01-CV-0333-J, 2004 WL 2101727 at *10 (N.D. Tex. Aug. 19, 2004), *rec. adopted*, 2004 WL 2106521 (N.D. Tex. Sept. 20, 2004), *COA*

*denied*, No. 04-11268 (5th Cir. Aug. 9, 2005). Similarly, the failure to instruct a jury on a lesser-included offense in a non-capital case does not implicate a federal constitutional right. *See Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988).

Even if petitioner could raise his jury charge claims on federal habeas review, there was absolutely no evidence adduced at trial to support an instruction on illegally obtained evidence or the lesser-included offense of simple possession. Petitioner was stopped by a police officer for a traffic violation and consented to the search of his vehicle. The officer found 18 baggies of what appeared to be crack cocaine concealed in a metal can in the trunk of petitioner's car. After a field test performed on the substance confirmed the presence of cocaine, petitioner was placed under arrest. In light of this evidence, none of which was controverted by the defense, there was no basis for an instruction under Article 38.23. Nor did the evidence support an instruction on the lesser-included offense of possession of more than one gram but less than four grams of cocaine. The aggregate weight of the cocaine found in petitioner's car was 4.93 grams. No adulterants, dilutants, or other substances were detected by laboratory analysis. Although the chemist who performed the analysis testified it was theoretically possible that the sample contained other substances, that speculative testimony did not permit a rational jury to conclude that petitioner was guilty *only* of possession of less than four grams of cocaine. *See United States v. Bailey*, 111 F.3d 1229, 1238 (5th Cir.), *cert. denied*, 118 S.Ct. 327 (1997) (defendant not entitled to instruction on lesser-included offense unless evidence is sufficient to allow jury to find him guilty of lesser offense, yet acquit him of the greater). These grounds for relief are without merit and should be overruled.

G.

The vast majority of petitioner's claims involve his representation at trial and on appeal. In multiple grounds for relief, petitioner contends that trial counsel: (1) failed to object to the

indictment, to the admission of extraneous offense evidence, to testimony regarding the use of surveillance and confidential informants, and to unspecified due process violations; (2) did not file a proper motion for new trial; (3) failed to challenge the validity of the initial traffic stop, his consent to search, the seizure of drugs, and the police officer's authority to effect his arrest; (4) did not effectively cross-examine witnesses or adequately prepare for trial; and (5) failed to object to the jury charge. Petitioner also contends that appellate counsel was ineffective for not appealing his conviction on the grounds that the police never obtained consent to search his car and failed to advise him of his *Miranda* rights.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

2.

Most of petitioner's ineffective assistance of counsel claims are either patently frivolous, negated by the record, or conclusory in nature. As previously discussed, there was nothing improper about the traffic stop initiated by the police, the search of petitioner's vehicle, or his subsequent arrest. When counsel objected to the admission of the Desenex can containing the contraband drugs, his objection was properly overruled. It would have been futile to renew that objection later in the trial. *See Mark v. Dretke*, No. H-05-2546, 2006 WL 1852052 at *9 (S.D. Tex. Jun. 30, 2006), *citing Meanes v. Johnson*, 138 F.3d 1007, 1012 (5th Cir.), *cert. denied*, 119 S.Ct. 417 (1998) (counsel is not required to make a futile objection). Nor was counsel ineffective for failing to request jury instructions on illegally obtained evidence and the lesser-included offense of simple possession. There simply was no evidence to support either of these instructions. Contrary to petitioner's argument, his attorney did file a motion for new trial. (*See* St. App. Tr. at 59). Defense counsel had no reason to object to the indictment, which was amended to charge petitioner with "possession" instead of "possession with intent to deliver" a controlled substance, because the amended indictment charged a lesser offense. Other complaints made by petitioner about his legal representation, such as counsel's failure to object to unspecified due process violations, to effectively cross-examine witnesses, and to adequately prepare for trial, are too vague to merit habeas relief. *See Beall v. Cockrell*, 174 F.Supp.2d 512, 522 (N.D. Tex. 2001) (conclusory statements and random citations to legal authority are insufficient to support claim of ineffective assistance of counsel). These grounds should be summarily overruled

3.

Only two of petitioner's ineffective assistance of counsel claims merit extended discussion. In one of his grounds, petitioner argues that his attorney should have objected to testimony regarding

the use of surveillance and confidential informants. At trial, the prosecutor asked Officer Eadler to describe the purpose of the Southeast Metroplex Narcotics Task Force. Eadler responded:

> Predominately they had a section of undercover officers that would work and purchase narcotics from drug traffickers, things of that nature, surveillance. Mine--at the time in April, I worked in a--a marked unit in uniform similar to this. I assisted a lot of them on traffic stops mainly to either identify people that they'd purchased drugs from that they didn't know or hadn't fully ID'd. Or if they had other narcotics in the vehicle that they observed, we would stop them and arrest them for what was left in the car, is what it boiled down to.

(SF-III at 20-21). None of this testimony implicated petitioner, who was stopped for a traffic violation, not as a result of any surveillance activity. Even if counsel should have objected to this testimony on relevancy grounds, petitioner was not prejudiced thereby.

Petitioner also criticizes his attorney for failing to object to the admission of extraneous offense evidence. On direct examination, the prosecutor questioned Eadler about his search of petitioner's vehicle:

> Q: [BY PROSECUTOR]. So do you search the interior of the car?
>
> A: [BY WITNESS]. Yes.
>
> Q: And you found the two baggies that you had originally seen.
>
> A: It was just one baggie with two rocks.
>
> Q: I'm sorry. Okay. So you found the one baggie with two rocks. Did you find any other items in the interior compartment?
>
> A: No. Well, I did find what I believed to be one marijuana seed laying in the floorboard.
>
> Q: Okay.
>
> A: But there was no marijuana in the car other than a seed, one seed.
>
> Q: Could you smell marijuana in the car?

> A: Originally when I first walked up to the car. I asked him if anybody had been smoking any marijuana in the car. He stated no.

(*Id.* at 26). Assuming that counsel should have objected to this testimony and that his objection would have been sustained by the trial court, it is difficult to envision how petitioner was prejudiced by this evidence. The fact that Eadler found a single marijuana seed on the floorboard of petitioner's car seems insignificant when compared to the 18 baggies of crack cocaine concealed in a metal can in the trunk. Petitioner has failed to show that, but for the admission of this evidence, the outcome of his trial would have been different.

4.

Finally, petitioner contends that appellate counsel was ineffective for not appealing his conviction on the grounds that the police never obtained consent to search his car and failed to advise him of his *Miranda* rights. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004); *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id., quoting Williamson*, 183 F.3d at 462-63.

Appellate counsel raised three nonfrivolous issues on direct appeal.[3] Although counsel did not argue petitioner never consented to a search of his car and was not informed of his *Miranda* rights, both claims have been rejected by this court. There is no reason to believe that petitioner's conviction would have been reversed had counsel appealed on those grounds. His unsupported and conclusory assertions do not merit federal habeas relief. *See Warren v. Dretke*, No. 3-04-CV-0496-D, 2004 WL 1593443 at *4 (N.D. Tex. Jul. 15, 2004) (citing cases), *rec. adopted*, 2004 WL 1836733 (N.D. Tex. Aug. 16, 2004), *COA denied*, No. 04-11151 (5th Cir. Apr. 19, 2005).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Counsel focused his appeal on the factual sufficiency of the evidence, the failure to instruct the jury on the lesser-included offense of simple possession, and the denial of petitioner's motion to suppress unlawfully obtained evidence.